UNITED STATES of America, By and For the INTERNAL REVENUE SERVICE, Appellant,

v.

UNION INVESTMENT, Cumberland Federal Savings & Loan Association, the City of Hurstbourne, Stegner Food Products, B.F. Shaffer and Doris Shaffer, Randy Shaffer, Walter and Jodelle S. Moore, Ronald Hettinger, Great Financial Federal and Trustee in Bankruptcy, Appellees.

Court of Appeals of Kentucky.

March 20, 1987.

Discretionary Review Denied by Supreme Court July 30, 1987.

Roger M. Olsen, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C.,

Joseph M. Whittle, U.S. Atty., Louisville, for U.S.

Rocco J. Celebrezze, Louisville, for Stegner Food Products.

Randy Shaffer, Louisville, for Randy Schaffer.

Rand E. Kruger, Louisville, for Hettinger.

Charles Simpson, Louisville, for Trustee in Bankruptcy.

Richard M. Wilson, Louisville, for Cumberland Federal Sav. & Loan.

Foster L. Haunz, Louisville, for City of Hurstbourne.

Brian K. Darling, Louisville, for B.F. & Doris Shaffer.

Walter T. & Jodelle S. Moore, Prospect, for the Moores.

James M. Greene, Louisville, for Great Financial.

Michael R. Gosnell, Louisville, for Union Inv.

Before HOWERTON, C.J., and CLAYTON and HAYES, JJ.

HOWERTON, Chief Judge.

The United States of America (United States) appeals from a decision of the Jefferson Circuit Court which ordered it to pay a total of 12 percent interest on the bid price of the real property which it sought to redeem. We affirm.

On May 3, 1984, the Cumberland Federal Savings & Loan Association (Cumberland Federal) filed a complaint in the Jefferson Circuit Court seeking a judgment of $16,712.16 against B.F. Shaffer and his wife, Doris. Cumberland Federal alleged that it held a first lien on the Shaffers' property and sought enforcement of its lien through a sale of their real property. Union Investment and the United States were named as defendants in the complaint. Union Investment filed an answer and counterclaimed seeking a $94,746.32 judgment against the Shaffers plus interest, a determination that it held a valid lien on the Shaffers' property, and that the Shaffers' real property be sold to satisfy its lien. In its answer and

cross-claim, filed on June 22, 1984, the United States requested that its lien be adjudged prior and superior to all claims not entitled to priority and noted its statutory right of redemption.

On August 8, 1984, the Jefferson Circuit Court entered a judgment in favor of Cumberland Federal and ordered that the Shaffers' real property be sold by the master commissioner. In a default judgment and order of sale filed on August 27, 1984, the court also entered a judgment against the Shaffers in favor of Union Investment in the amount of $94,746.32 plus interest and attorney fees. The order of sale directed that the proceeds from the sale of the property would be applied to Union Investment after payment of costs, satisfaction of the judgment in favor of Cumberland Federal, and satisfaction of amounts owed to the City of Hurstbourne, Kentucky. The order also provided that the sale would be made "in accordance with the terms and provisions of Rule 304 of the Rules of Practice of the Jefferson Circuit Court." This rule provides that the unpaid portion of the purchase price will accrue interest at the rate of 12 percent per annum from the date of the sale for a six-month period.

On March 5, 1985, the property was sold at public auction to Union Investment for $105,000. Union Investment did not pay the bid price into court but did incur $703.15 in expenses in connection with its purchase of the property. On June 25, 1985, the United States exercised its right of redemption under 28 U.S.C. § 2410 by tendering $107,803.15 to the commissioner. This amount consisted of the $105,000 bid for the property, $2,100 in interest computed under 28 U.S.C. § 2410(d)(2) at the rate of six percent per annum on the purchase price of the property from the date of sale, and the $703.15 in expenses incurred by Union Investment in connection with its purchase of the property.

Union Investment objected to the amount tendered by the United States, claiming that it was entitled to interest on the purchase price at the rate of 12 percent per annum pursuant to Rule 304 of the Rules of Practice of the Jefferson Circuit Court.

The master commissioner filed a Report and Recommendation, thereby agreeing with Union Investment's position. The circuit court affirmed the master commissioner's Report and Recommendation and ordered that the United States must tender into the court an additional $1,864.11 in interest to comply with its right of redemption. This amount represents an additional six percent per annum on the bid price of the property from the date of sale to the date of redemption. The United States appeals.

First, the United States argues that the court erred in holding that it was liable for interest at the rate of 12 percent per annum on the purchase price of the property pursuant to local law. 28 U.S.C. § 2410(d) states:

In any case in which the United States redeems real property under this section ... the amount to be paid for such property shall be the sum of ___

(1) the actual amount paid by the purchaser at such sale (which, in the case of a purchaser who is the holder of the lien being foreclosed, shall include the amount of the obligation secured by such lien to the extent satisfied by reason of such sale),

(2) interest on the amount paid (as determined under paragraph (1)) at 6 percent per annum from the date of such sale, and

(3) the amount (if any) equal to the excess of (A) the expenses necessarily incurred in connection with such property....

The United States argues that the circuit court's decision is contrary to the plain language of the law. Also, the United States is not liable for interest unless it expressly obligates itself by statute or contract. *The United States v. Louisiana,* 446 U.S. 253, 100 S.Ct. 1618, 64 L.Ed.2d 196 (1980). Accordingly, when the United States exercises its right under 28 U.S.C. § 2410 to redeem property on which it holds a lien, its liability for the purchase price and interest is fixed by § 2410(d)(2). This limits the government's liability for interest to a rate of six percent on the

purchase price for the redeemed property. The United States also argues that imposing the amount of interest dictated under local laws renders 28 U.S.C. § 2410(d)(2) useless.

The circuit court stated in its memorandum:

A first blush literal reading of the statute would seem to favor the Government's position. That is, why have section (2) if the Government must pay additional interest to the purchaser for it's (sic) "cost" interest. This Court suggests that such a literal reading may not be "fair," but who says legislative fiats must so be.

The purchaser could have "paid" the purchase price on the date of sale, and then waited out (and/or sweated out) the Government's redemption period; (section (C).

Thus it becomes "tit for tat" that the Government could also have exercised it's (sic) option promptly in order to avoid additional interest cost.

Absent a clear appellate directive this Court concludes that the most "fair" interpretation of the statute coincides with the view of the purchaser and the recommendation of the Commissioner. Such an interpretation requires only that the Government, in exercising its option, be prepared to step into the shoes of a purchaser with all of the purchaser's obligations under a judgment of sale.

The circuit court ordered the United States to pay an additional six percent interest on the bid price of the redeemed property, which amounted to $1,864.11. We agree with the circuit court's decision.

This is a case of first impression. The United States is correct that it is only obligated for interest to that which it assents to by statute or contract. *Louisiana, supra.* However, in 28 U.S.C. § 2410(d)(1), the United States assents to pay the actual amount paid by the purchaser at such sale. Carrying the United States's argument to its extreme, since no amount was actually "paid," the United States would not have to pay any amount in order to redeem the property under this section. That would be

an absurd result. Both parties admit that if Union Investment had paid the $105,000 plus 12 percent interest into the court, the United States would then be obligated to pay the purchase price, plus the interest paid by Union Investment, in order to redeem the property. The mere fact that Union Investment had not actually paid the money into the court's receiver does not alter the redeemer's obligation. Union Investment was obligated to pay its bid price of $105,000 plus the legal rate of 12 percent interest. The redeemer steps into the purchaser's shoes. As such, we hold that the circuit court correctly interpreted 28 U.S.C. § 2410(d)(1) to include the 12 percent interest imposed under local law. The judgment creditors are entitled to interest at 12 percent until their judgments are satisfied, and it matters not that Union Investment will receive a substantial amount of the bid price and accrued interest.

Secondly, the United States argues that the master commissioner erred in holding that the United States was required to pay six percent interest on the expenses incurred by Union Investment. Under 28 U.S.C. § 2410(d)(2), the six percent interest rate applies only to the actual amount paid by the purchaser under § 2410(d)(1) and the United States is not obligated to pay interest on such expenses as described in § 2410(d)(3). We find this issue to be moot. As pointed out by the appellees, this language was dictum in the master commissioner's Report and Recommendation and was not included in either the proposed order of the master commissioner or in the order actually entered by the circuit court. Accordingly, since this issue was ruled upon by the circuit court, it is not properly before this Court.

For the reasons stated, we affirm the decision of the Jefferson Circuit Court.

All concur.